**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Joseph C. Anoruo, | Case No. 2:23-cv-01479-JAD-MDC |
| Plaintiff | **Order Granting Motion to Set Aside Judgment and Reopening Case** |
| v. | |
| Denis McDonough, | [ECF No. 10] |
| Defendant | |

Pro se plaintiff Joseph C. Anoruo filed initiating documents for this case in September 2023, alleging that the United States Merit Systems Protection Board disregarded his allegations of discrimination based on national origin, race, and age.[1] Anoruo filed these documents without paying the filing fee or applying to proceed *in forma pauperis*.[2] The court ordered him to do so by April 10, 2024, or face dismissal.[3] Anoruo did nothing, so the magistrate judge recommended that this case be dismissed without prejudice.[4] Anoruo didn't object to the recommendation, so I ordered the Clerk of Court to enter judgment and close this case.[5]

Anoruo moves to set aside that judgment.[6] He has now paid the filing fee,[7] and he explains that he failed to file the fee earlier because he "did not receive any of the

---

[1] ECF No. 1.

[2] *Id.*

[3] ECF No. 4.

[4] ECF No. 5.

[5] ECF Nos. 6, 7.

[6] ECF No. 10.

[7] ECF No. 9.

communications or reports or orders due to [a] family oversea[s] trip" that lasted through May 9, 2024.[8]  He also asserts that he submitted an application to receive electronic communications but "did not receive any report or communication . . . on this matter."[9]

Rule 60 of the Federal Rules of Civil Procedure allows the court to "relieve a party . . . from a final judgment, order, or proceeding" for a variety of reasons, including upon a showing of "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief."[10]  Anoruo asks me to set aside the judgment because he did not receive any communication from the court or relevant agencies and therefore could not comply with the magistrate judge's order.[11]  Especially given that Anoruo subsequently submitted the full filing fee,[12] I find no indication that his failure to comply with the order was a "bad-faith, post-doc rationalization concocted to secure additional time."[13]  So, in keeping with the axiomatic principle that, "[w]henever it is reasonably possible, cases should be decided upon their merits," I grant Anoruo's motion, vacate the prior order dismissing this case, and reopen it.

## Conclusion

IT IS THEREFORE ORDERED that Anoruo's motion for reconsideration **[ECF No. 10] is GRANTED**.  The Clerk of Court is directed to **REOPEN this case and VACATE the dismissal order and judgment [ECF Nos. 6 and 7]**.  The Clerk of Court is further directed to **FILE Anoruo's complaint [ECF No. 1-1] on the docket and issue summons**.  Anoruo is

---

[8] ECF No. 10 at 1.

[9] *Id.* at 4.

[10] Fed. R. Civ. P. 60(b).

[11] ECF No. 10 at 4.

[12] *Id*. at 1.

[13] *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

1 | advised that he must serve the summons and complaint on the defendant in compliance with

2 | Federal Rule of Civil Procedure 4.

3

4 | _____
U.S. District Judge Jennifer A. Dorsey
September 6, 2024

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

3