**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Joseph C. Anoruo,<br><br>　　　　　　　Plaintiff(s),<br><br>vs.<br><br>Denis McDonough,<br><br>　　　　　　　Defendant(s). | 2:23-cv-01479-JAD-MDC<br><br>**ORDER GRANTING MOTION** |

Pending before the Court is *pro se* plaintiff Joseph C. Anoruo's *Motion to Extend Time* ("Motion") (ECF No. 15). For the reasons stated below, the Court GRANTS the Motion.

## **DISCUSSION**

### **I. BACKGROUND**

Plaintiff filed his Complaint on September 18, 2023. ECF No. 1. On March 11, 2024, the Court ordered plaintiff to either pay the filing fee or file an application to proceed *In Forma Pauperis* by April 10, 2024. ECF No. 4. The Court warned plaintiff that failing to comply may result in a recommendation that his case be dismissed or closed. *Id.* Plaintiff failed to comply. Subsequently, the Court issued a Report and Recommendation. ECF No. 5. The District Judge adopted the Report and Recommendation in its entirety and entered judgment in favor of defendant. ECF Nos. 6, 7. On June 11, 2024, plaintiff paid the filing fee and filed a *Motion to Set Aside the Order on the Report and Recommendation* ("Motion to Set Aside"). ECF Nos. 9, 10. The District Judge granted the Motion to Set Aside and reopened the case. ECF No. 11. The District Judge also ordered plaintiff to complete service in compliance with Rule 4 of the Federal Rules of Civil Procedure. *Id.* Plaintiff now seeks an extension of time to complete service due to a "competing *writ of certiori*" in the United States Supreme Court[1].

---

[1] *Joseph Anoruo, Petitioner v. Department of Veterans , Affairs,* No. 24-508 (23A955), https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/24-508.html

## II. MOTION TO EXTEND TIME

### A. LEGAL STANDARD

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, defendant(s) must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the… [90]—day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that… [90]—day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). The Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed… [90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments; *see also Williams v. Cnty. of Los Angeles*, 2024 U.S. App. LEXIS 13767, at * 2 (9th Cir. 2024) ("Under Rule 4(m) a district court…may discretionarily extend time for service upon a showing of excusable neglect.") (citing *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)).

### B. ANALYSIS

The Court notes that no defendants have appeared because plaintiff seeks an extension of time to complete service. Plaintiff failed to provide a memorandum of points and authorities. LR 7-2(a) ("The motion must be supported by a memorandum of points and authorities."). "The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion."

LR 7-2(d). However, the Court notes plaintiff references the "good cause" standard. Therefore, the Court will construe plaintiff to bring his motion under Rule 4(m) of the Federal Rules of Civil Procedure. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed *pro se* is 'to be liberally construed[.]'"). Plaintiff is cautioned that any future motions should clearly reference the relevant points and authorities in support of his motion.

Plaintiff seeks an extension of time to complete service due to a "competing *writ of certiori*" in the United States Supreme Court. ECF No. 15. The Court finds that good cause exists to grant the extension of time. Plaintiff's pending *writ* may have some bearing on the claims before this Court. Thus, out of the interest of justice and judicial economy, the Court will grant the extension.

### C.  NOTICE TO PLAINTIFF

The Court understands that plaintiff is *pro se* and advises plaintiff that there are no 'informal' motions under the Court's local rules. Plaintiff is kindly directed to please not use 'informal' in the caption of future filings.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion for Extension of Time* (ECF No. 15) is GRANTED.

2. Plaintiff must serve the summons and the complaint by no later than **January 8, 2025**.

DATED this 30th day of December 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.